IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN ROUSEY, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:08-cv-463 GPM
 )
ROBERT HILLIARD, et al., )
 )
    Defendants. )

## ORDER

Currently pending before the Court are Defendant Robert Hilliard's and Defendant Jay Merchant's Motions for a More Definite Statement (Docs. 16, 18). For the reasons set forth below, these motions are **GRANTED**.

### BACKGROUND

On June 27, 2008, Plaintiff Kevin Rousey filed his complaint under 28 U.S.C. § 1983,[1] alleging Defendants violated his First Amendment rights (Doc. 1). In alleging the claim, Plaintiff states:

    10.    Rousey has been active in Republic [*sic*] politics.

    11.    Each of the Defendants is aware of Rousey's political affiliation.

    12.    At all times Rousey has consistently performed his job duties in a manner consistent with the legitimate expectations of the Illinois Department of Corrections.

    13.    In retaliation for his affiliation with the Republican Party the defendants, acting collectively, have engaged in a pattern of harassment directed towards Rousey. Further, the defendants have materially altered the terms and conditions of his employment because of his affiliation with the Republican Party. As a result, Rousey has been forced to take a leave of absence from his position with the Department of Corrections.

---

[1] The Court believes that Plaintiff intends to file the complaint under 42 U.S.C. § 1983.

> 14. As a direct and proximate result of the foregoing conduct, Rousey, in addition to the loss of certain liberties to which he is entitled to protection under the Constitution of the United States, has suffered emotional anguish and distress, humiliation, inconvenience, physical injury and pain, damage to his reputation, loss of employment benefits and the loss of the enjoyment of life.

(Doc. 1.) In lieu of an answer, Defendants Hilliard and Merchant filed motions for a more definite statement, arguing that paragraph 13 of the complaint, which contains the only operative factual allegations, is insufficient because it does not provide them with enough information to form an answer to the allegations or raise potential affirmative defenses. Further, they argue that paragraph 13 is so vague and ambiguous that they cannot in good faith admit or deny whether such acts occurred. Thus, they move under Fed. R. Civ. P. 12(e) asking the Court to order Plaintiff to provide a more definite statement identifying the specific acts of retaliation and material alterations in the terms and conditions of his employment, and the dates on which those acts occurred. In response, Plaintiff argues that the complaint is sufficient under Fed. R. Civ. P. 8(a)(2).

## ANALYSIS

The Federal Rules of Civil Procedure require only that a pleading provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must, however, "actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Fin. Servs., Inc.*, 536 F.3d 663, 666 (7th Cir. 2008)). It must allege "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic*, 550 U.S. at 570. How many facts are required depends on the type of case. *Limestone Development Corp., v. Village of Lemont, Illinois*, 520 F.3d 797, 803 (7th Cir. 2008).

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement of a claim when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must "point out the defects complained of and the details desired." "Encouraging a plaintiff to plead what few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations (that is, by providing 'fair notice' of the plaintiff's claim)." *EEOC v. Concentra Health Servs. Inc.*, 496 F.3d 773, 780 (7th Cir. 2007). The Supreme Court has noted that a district court may use Rule 12(e) to adduce more factual allegations to protect the substance of a qualified immunity defense. *Crawford-El v. Britton*, 523 U.S. 574, 597 (1998). The Seventh Circuit considers Rule 12(e) one of several "tools" the district court may use to require additional specificity in a pleading. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

To state a claim of First Amendment retaliation, a plaintiff must allege that: (1) his speech was constitutionally protected, (2) he suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the Defendants' decision to take the retaliatory action. *See Bridges*, 557 F.3d at 546; *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). The Court believes that Plaintiff has not alleged enough facts to state a plausible claim of First Amendment retaliation because his statement of the deprivation he suffered is too vague. He alleges merely that the Defendants harassed him because he is active in the Republican Party, and that this harassment was so severe as to materially alter the terms and conditions of his employment and force him to take a leave of absence from his job. Plaintiff does not include any facts that would indicate what type of

harassment occurred, and therefore what deprivation he suffered. Moreover, Plaintiff is required to allege that his speech was a motivating factor in the retaliatory acts undertaken by Defendants. Plaintiff has alleged no retaliatory acts, thus, the Defendants would be hard pressed to file a responsive pleading admitting or denying whether they undertook the unspecified acts, and whether they were motivated by speech entitled to protection under the First Amendment. Without more, Plaintiff's statement of the claim is insufficient to raise his right to relief above the speculative level.

Accordingly, the Motions for More Definite Statement filed by Defendants Hilliard and Merchant (Docs. 16, 18) are **GRANTED**. Plaintiff shall provide a more definite statement of the specific acts of retaliation and material alterations to the terms and conditions of his employment that support his claim of that he suffered a deprivation likely to deter his free speech. The more definite statement shall be filed with the Court within ten business days of the entry of this order, that is by **June 17, 2009**.

**IT IS SO ORDERED.**

**DATED: June 3, 2009**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
