**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KEVIN ROUSEY, )<br> )<br> Rousey, )<br> )<br>vs. )<br> )<br>ROBERT HILLIARD and JAY )<br>MERCHANT, )<br> )<br> Defendants. ) | CIVIL NO. 08–463–GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on February 22, 2010, for a hearing on Defendant Jay Merchant's and Defendant Robert Hilliard's Motions for Summary Judgment (Docs. 42 and 46, respectively). Plaintiff Kevin Rousey (Rousey) filed this action under 42 U.S.C. §§ 1983 and 1988 claiming Defendants, his supervisors, violated his First Amendment rights by retaliating against him because of his political party affiliation. Rousey has failed to provide evidence sufficient to show that his protected conduct caused either of the defendant's actions. Accordingly, for the reasons outlined below, and for those set forth at the hearing on the record, Defendant Hilliard's and Defendant Merchant's Motions for Summary Judgment are **GRANTED**.

## BACKGROUND

During all times relevant to this lawsuit, Rousey was employed by the Illinois Department of Corrections as a Major at the Big Muddy Correctional Center (BMCC). Defendant Hilliard was employed as an assistant warden at the BMCC and served as Rousey's immediate supervisor.

Defendant Merchant was the acting warden of BMCC and served as Defendant Hilliard's immediate supervisor. Rousey is a Republican and he alleges that Defendants, both Democrats, retaliated against him because of his Republican affiliation and activities.

Specifically, in his First Amended Complaint, Rousey alleges Defendant Hilliard retaliated against him by engaging in a "pattern of harassment" including (but not limited to): convincing a union member and other co-workers to submit inaccurate grievances or charges against him; implementing a shift change for Rousey from 7a.m.-3p.m. to the less desirable 3p.m.-11p.m. shift; downgrading his annual evaluation without sufficient documentation; attempting to stop Rousey from receiving a monetary bonus; falsely accusing him; confronting Rousey in a physical manner; confiscating some of his personal items, including mail; and taking away Rousey's parking spot (Doc. 31, pp. 4-7). Rousey's only allegation against Defendant Merchant, however, is that Merchant, in conjunction with the other defendants, "moved [him] from the preferred 7-3 shift to the 3-11 shift" (*Id.* at 5). Rousey admitted that there was a valid operational reason to move him to the 3-11 shift and that he had previously offered to cover that shift (Doc. 46, ¶ 36).

Defendants Hilliard and Merchant seek summary judgment on Rousey's First Amendment retaliation claim, arguing there is no genuine issue of material fact because Rousey has not put forth sufficient evidence to show (1) that either of the Defendants knew of his political affiliation or, (2) that his speech was a motivating factor in Defendants' alleged misconduct.

## **DISCUSSION**

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

> show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

To establish a *prima facie* claim for a retaliatory violation of First Amendment rights, public employees must present sufficient evidence that: (1) their speech was constitutionally protected, (2) they suffered a deprivation likely to deter free speech, and (3) their speech caused the employer's action. *Gunville v. Walker*, 583 F.3d 979, 983 (7th Cir. 2009).[1]

Regarding the first factor, Rousey claims Defendants retaliated against him because of his Republican activities. A public employer cannot retaliate against an employee for exercising his First Amendment rights. *Miller v. Jones*, 444 F.3d 929 (7th Cir. 2006). Moreover, a plaintiff's political party affiliation is protected under the First Amendment. *Gunville*, 583 F.3d at 984 (7th Cir. 2009). Thus, Rousey's claim that he was retaliated against for being an active Republican, on its face, establishes that his conduct was constitutionally protected.

---

[1] In footnote one in *Gunville*, the Seventh Circuit Court of Appeals noted that after the Supreme Court's decision in *Gross v. FBL Financial Servs., Inc.*, 129 S.Ct. 2343 (2009), in order to prevail in a First Amendment § 1983 action, plaintiffs in federal suits must demonstrate but-for causation. Prior to *Gross*, plaintiffs in such suits only had to demonstrate that their speech was a motivating factor in the defendant's decision. However, similar to the *Gunville* Court, here, the outcome would be the same with either measure of causation because Rousey cannot demonstrate any tie between his political affiliation and Defendants' actions.

Regarding the second factor, Rousey alleges that Defendant Hilliard engaged in a pattern of harassment directed toward him (*see supra*, Doc. 31, 4-7; Doc. 59, pg. 1-4). Under §1983, any deprivation under color of law that would likely deter a person of "ordinary firmness" from exercising First Amendment activity in the future is actionable. *See Power v. Summers*, 226 F.3d 815, 820 (7th Cir. 2000), *citing Bart v. Telford*, 677 F.2d 622, 624 (7th Cir. 1982); *see also Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). Conversely, retaliation unlikely to deter a person of ordinary firmness would not be actionable. *See Bart*, 677 F.2d at 625 (7th Cir. 1982). Accepting Rousey's allegations as true, as this Court must on summary judgment, it is reasonable to infer that Defendant Hilliard's alleged conduct, spanning roughly two years, when viewed as a whole, might deter a person of ordinary firmness from exercising his First Amendment rights. Thus, Rousey has demonstrated a genuine material fact issue as to whether Hilliard's conduct would be sufficient to deter the speech of a person of ordinary firmness.

However, the same is not true for Defendant Merchant. Rousey alleges only that Merchant changed his shift; and this happened sometime after Rousey had suggested he would be willing to do so (Doc. 45, ¶ 12). It seems highly unlikely that this single action by Merchant, by itself, would sufficiently deter a person of ordinary firmness from exercising his constitutional rights. However, this Court does not need to definitively answer that inquiry because Rousey has not put forth sufficient evidence to create a genuine fact issue as to the third and final factor.

Regarding the third factor, Rousey has failed to provide evidence sufficient to show that his actions caused Defendants' alleged misconduct. For a plaintiff to establish that his protected activities caused the defendant's actions, the plaintiff must show the defendant (1) knew the plaintiff's political affiliation and (2) the plaintiff's speech (or political affiliation) was at least a

motivating factor of Defendants' conduct. *Garrett v. Barnes*, 961 F.2d 629, 632 (7th Cir. 1992).[2]

Here, Defendant Hilliard unequivocally denies having knowledge of Rousey's political affiliation prior to Rousey filing his claims (Doc. 46, ¶ 5). Defendant Merchant also alleges that, "[p]rior to the filing of this lawsuit, [he] was unaware of [Rousey's] voting history or campaign activities" (Doc. 45, ¶ 26). Defendants need not admit they knew of Rousey's political affiliation, but in order to create a genuine fact issue, Rousey must provide sufficient evidence of his public activities so that a jury could find Defendants were aware of his political affiliation. *Id.* at 634. Toward this end, Rousey alleges that he "has been active in Republic [sic] politics" and "[e]ach of the Defendants is aware of Rousey's political affiliation" (Doc. 31, ¶¶ 10-11). In support of these conclusory statements, Rousey submitted testimony from a politician (State Senator Gary Forby) who: (1) "believed Rousey was a Republican;" (2) was aware of Defendant Hilliard's political affiliation and had a conversation with Hilliard regarding Rousey, and (3) claimed Big Muddy Correctional Center was politically charged (*see* Doc. 59, pp. 8-9). However, no witness provided any direct evidence that Rousey actively and openly supported the Republican Party. Further, other than voting Republican and working on a campaign during the 1980's, Rousey has failed to provide evidence of any recent *public* political activities (Doc. 44, Ex. 1, pp. 3-4). Without this kind of evidence, it is difficult to see how a jury could reasonably infer Defendants were aware of his political affiliation. *Id.*

---

[2] As this Court noted in its previous footnote, in *Gross v. FBL Financial Servs., Inc.*, 129 S.Ct. 2343 (2009), the Supreme Court required "but-for" causation in a context similar to First Amendment retaliation claims brought under § 1983. However, in *Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009), the Seventh Circuit Court of Appeals in reviewing a grant of summary judgment found, "the record has evidence from which a reasonable jury could find causation; no more is necessary at this stage, but the instructions at trial must reflect the holding of *Gross*." Thus, it appears that the motivating or substantial factor test survives *Gross* in the pleading stage, but not beyond.

Even if the Court imputes knowledge of Rousey's political affiliation to Defendants, Rousey has not put forth evidence sufficient to show that his political affiliation or activity was a cause for Defendants' alleged harassment. It is not enough to show only that Rousey and Defendants are of different political persuasions. *Hall v. Babb*, 389 F.3d 758, 762 (7th Cir. 2004). There are many, many reasons why people may not get along. Rousey has not provided sufficient evidence that any of Defendants' alleged acts were in retaliation for Rousey's Republican persuasion. Indeed, regarding the shift change — the only alleged retaliatory action as to Defendant Merchant — Rousey admitted that there was a valid operational reason for the change (*see* Doc. 45, Ex. 2, p. 1). Rousey's allegations therefore not only require the trier of fact to impute to Defendants knowledge of his political persuasion on vague, circumstantial evidence, but Rousey's claims also require the trier of fact to go one step farther and assume that, *because* Defendants were Democrats and probably knew that Rousey was a Republican, Defendants engaged in retaliatory acts against Rousey.

Even when taking Rousey's factual allegations in a light most favorable to him, the inferences that the trier of fact would have to assume are too great a leap to survive summary judgment. "In order to draw an inference in favor of a nonmoving party, there must be some evidence from which to draw the inference." *Gunville*, 583 F.3d at 986. Here, just as the *Gunville* Court found, there is nothing more than mere speculation and vague innuendos. *Id*. Rousey therefore has failed to provide evidence sufficient to create a genuine issue of fact regarding whether Defendants engaged in any retaliatory actions due in part (or in whole) to Rousey's political affiliation.

## CONCLUSION

For the foregoing reasons, Defendant Merchant's Motion for Summary Judgment (Doc. 42) and Defendant Hilliard's Motion for Summary Judgment (Doc. 46) are **GRANTED**.  The Clerk of Court is **ORDERED** to enter Judgment accordingly.

**IT IS SO ORDERED.**

DATED: 02/26/2010

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge