## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN ROUSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08–463–GPM |
| | ) | |
| ROBERT HILLIARD and JAY | ) | |
| MERCHANT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff has moved the Court to reconsider its earlier Order granting Defendants' Motions for Summary Judgment (Doc. 66). For the reasons set forth below, Plaintiff's motion is denied.

### BACKGROUND

Plaintiff Kevin Rousey (Rousey) asks the Court to reconsider its February 26, 2010 Order granting Defendants Robert Hilliard and Jay Merchant (Defendants) summary judgment on all counts of Plaintiff's complaint (*see* Doc. 66). The origin of this action and procedural history are outlined in detail in that Memorandum and Order (*see Id.*). In his motion, Rousey contends that he was contacted by an investigator from the Office of the Executive Inspector General (OEIG) and, later, he was informed that the OEIG was "investigating the role of politics at the Big Muddy Correctional Center" (*see* Doc. 75, Ex. 1). Rousey also alleges that the investigators "made it clear" to him that they were investigating Defendant Hilliard (*Id.* at ¶ 5). As such, Rousey now contends that "it is likely that the investigation of the OEIG will uncover evidence which would be relevant

to Rousey's claims of political retaliation" (Doc. 75, ¶ 4).  Rousey brings his "Motion For

Reconsideration and/or [sic]" pursuant to both Federal Rule of Civil Procedure 59 and Rule 60.

## DISCUSSION

First, Rousey's attempt to find relief from judgment pursuant to Rule 60(b)(2) is premature

in light of his Rule 59(e) motion.  *Sosebee v. Astrue*, 494 F.3d 583, 585 (7th Cir. 2007).  As such,

the Court will disregard the Rule 60 motion for the remainder of this Order.  *Id.*  Indeed, it is well-

settled that "a motion filed within [28] days after the judgment is, regardless of the label, to be

treated as a Rule 59(e) motion … to alter or amend (in other words, to reconsider and revise) the

judgment."[1]  *Curry v. United States*, 307 F.3d 664, 666 (7th Cir. 2002); *accord Romo v. Gulf Stream*

*Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).  To prevail on a Rule 59(e) motion, the

movant must present newly discovered evidence that was unavailable at the time of trial or provide

evidence from the record that clearly establishes a manifest error of law or fact. *Cnty of McHenry*

*v. Ins. Co. of the West*, 483 F.3d 813, 819 (7th Cir. 2006); *Oto v. Metropolitan Life Ins. Co.*, 224

F.3d 601, 606 (7th Cir. 2000).

A "manifest error" is "the wholesale disregard, misapplication, or failure to recognize

controlling precedent." *Oto*, 224 F.3d at 606 (internal quotation omitted).  Rousey makes no

argument that such an error of law occurred.  Instead, Rousey asks the Court to reverse its entry of

judgment because "there is an official investigation ongoing that will *likely* produce evidence that

is relevant to his claims" (Doc. 75, ¶ 8) (emphasis added).  As a result, Rousey's Rule 59(e) motion

relies exclusively upon new evidence that, at this point, is undefined and speculative, at best.

Rousey's Rule 59(e) motion is therefore substantively premature and must be denied.

---

[1] The Court's modification reflects the time allotted for filing such a motion in the current, and
applicable, version of Federal Rule of Civil Procedure 59, which went into effect on December 1, 2009.

As Defendants correctly note in their responses, under Rule 59 and (not relevant here) Rule 60(b)(2), any new evidence "must be material, admissible, credible, not merely cumulative or impeaching, likely to change the outcome upon retrial, and must have been existence at the time of trial" (Doc 78, p. 2). *Citing Peacock v. Bd. of School Com'rs of City of Indianapolis*, 721 F.2d 210, 213-14 (7th Cir. 1983).  In light of these factors, Rousey's alleged new evidence, which is merely speculative, fails on a number of accounts.  First, Plaintiff has not made (and indeed, at this point, cannot make) any specific showing of how this evidence might help him prove his case and thus, change the outcome of the order.  Moreover, at this point, it is impossible to know what evidence, if any, the OEIG investigation will turn up.  As such, Rousey's speculative new evidence is not yet material nor credible and, as Defendants note, it may not even be admissible.[2]

## CONCLUSION

At bottom, Rousey's hope that the OEIG investigation will turn up material, credible and admissible new evidence is not enough to make the evidence so in reality.  At this juncture, therefore, Rousey cannot meet the exacting standard required for a Rule 59(e) motion.  For the foregoing reasons, Rousey's motion for relief from judgment and/or to amend or alter judgment (Doc. 75) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  04/12/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[2] Statements outside of an affiant's personal knowledge or statements that are conclusory or the result of speculation are not considered under Rule 56(e).  *See, e.g., Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir. 1999).  Similarly, in the instant Rule 59 motion, statements made by Rousey in his supporting affidavit that are conclusory or based on conjecture, will not be entertained by the Court.